## Morss v. Purvis.

*Execution — redemption from sale — right to redeem of judgment creditor of fraudulent grantor — redemption on last day of time at place other than sheriff's office.*

O. conveyed lands in fraud of his creditors. The lands were sold under execution upon a judgment docketed prior to the conveyance. Subsequently M. obtained judgment against O. upon a debt contracted prior to the conveyance. *Held,* that M. was entitled to redeem from the sale under execution.

M., on the last day of the fifteenth month after the sale, gave the sheriff the proper papers and paid the amount required to redeem at a place other than the sheriff's office. *Held,* invalid to redeem under Laws of 1847, chapter 410, § 3.

APPEAL by plaintiff from a judgment in favor of defendants upon a trial by the court without a jury.

The action was brought in Sullivan county by Medad P. Morss against James O. Purvis, Benjamin W. Winner, sheriff of Sullivan county, James P. Overton and others, to set aside a conveyance of certain lands in said county as fraudulent, and to obtain a sheriff's deed thereof. The facts were these:

On the 30th day of November, 1868, said James P. Overton was the owner in fee and in possession of the lands mentioned. There were at that time docketed in said county several judgments against him, which were a lien on the lands. On that day Overton and his wife by voluntary deed without consideration conveyed the lands to their minor son who was living with them. No change of possession was made. On the 16th of January, 1869, by virtue of executions upon all the judgments the defendant Winner sold the lands, and the defendant Purvis, who owned one of the judgments, purchased said lands and received a certificate of sale. In the month of March, 1869, the plaintiff recovered and docketed in Sullivan county a judgment against James P. Overton for $67.75, upon indebtedness contracted previous to November 30, 1868.

On the 16th of April, 1870, plaintiff claiming as a creditor of James P. Overton, and that the said voluntary conveyance was void, paid to the defendant Winner, as sheriff, the amount for which the lands were sold under execution and interest, and delivered to the said defendant the proper affidavit and copy of judg-

ment, and papers, upon which to redeem. This transaction took place not at the sheriff's office, but at the office of Judge Bush, in the village of Monticello, and no attempt was made by plaintiff to redeem at the sheriff's office. The sheriff executed no deed, but subsequently refused to do so, and tendered back the money received from plaintiff, and executed a deed of the lands to the defendant Purvis.

*James L. Stewart,* for appellant.

*T. F. Bush,* for respondents.

BOCKES, J. The plaintiff's judgment against James P. Overton, docketed on the 17th of March, gave him a standing in court to demand and have the fraudulent deed made by the judgment debtor to his son, declared inoperative and void as to such judgment, with a view to secure the right of redemption thereunder. *
But to render his right to redeem effectual, the plaintiff was bound to show performance of all the statutory requirements necessary to entitle him to the sheriff's deed, had the fraudulent conveyance never been made. In other words, he must show himself entitled to the sheriff's deed, putting the fraudulent conveyance out of the question as of no effect and void. Then, admitting the case to stand the same as if James B. Overton still held the title on the 17th of March, when the plaintiff's judgment was docketed and became a lien on the premises claimed, the question is, did the plaintiff show a compliance on his part with the provisions of the

---

*The following is from the opinion in this case delivered at special term by LEARNED, J.:

"Under all the circumstances proved, the deed of Overton and wife must be held to be fraudulent as a matter of fact as against Morss, and consequently void as to him. If this be so, then Morss' judgment was a lien on the property. This principle is recognized in the case of *Chautauque Co. Bank* v. *Risley*, 19 N. Y. 369, at page 373. The court say that 'the right of the judgment creditor to redeem is secured to him by the terms of the statute notwithstanding he may have parted with all his interest in the land by a prior fraudulent or subsequent honest conveyance,' and they proceed to speak of the debts of the creditors by judgment or decree as 'liens, if the debtors' prior conveyance is tainted with fraud.' Again, at page 375, 'if this debtor has made a prior fraudulent conveyance, he may, nevertheless, sell upon the execution, and the purchaser will have the right and will take the risk of impeaching the conveyance.' It appears to me that the language above quoted, as well as the necessary inference from the decision in that case, shows that although a debtor may have conveyed his real estate, yet if that conveyance is fraudulent and void as against a creditor, such creditor subsequently recovering a judgment has a lien on the real estate in the hands of the fraudulent grantor."

statute, entitling him to the sheriff's deed as a redeeming creditor? The sheriff's sale under the prior judgments took place on the 16th of January, 1869. The time fixed by the statute, within which creditors might make redemption, to wit, fifteen months, expired on the 16th of April, 1870. On that day the plaintiff made an attempt to redeem as a judgment creditor, under his judgments, by presenting the necessary papers to the sheriff, all in due form, and paying him the requisite sum to secure the deed to himself; but this was done at a place other than the sheriff's office. As stated in the findings of fact, "this transaction took place at the office of Judge Bush, * * * and not at the sheriff's office, * * * and no attempt was made by said Morss to redeem the said premises at the sheriff's office." Now the statute (Laws of 1847, chap. 410, § 3) requires all redemptions made *on* or after the last day of the fifteen months by any creditor, to be made "at the sheriff's office of the county in which the sale took place." The attempted redemption was on the last day of the fifteenth month, but was not made at the sheriff's office. Consequently in this case the statute was not complied with, for there was no redemption made or attempted by the plaintiff at the sheriff's office, and the proceeding by him in his attempt to redeem was ineffectual, being without authority of law.

The decision in *Gilchrist* v. *Comfort*, 34 N. Y. 235, is directly in point. It was there held that the mode of obtaining title to land sold under execution is wholly a creation of statute, and its provisions must be strictly followed; and further, that since the act of 1847, a redemption by a creditor *on the last day* given for redeeming, to be valid and effectual must be made at the office of the sheriff of the county in which the sale took place. The facts of that case will be found, on examination, to be the same as here on every material point, and the opinion of the court per WRIGHT, J., leaves nothing to be added by way of suggestion or argument. After considering the question in its various bearings, he says in conclusion: "Since the act of 1847, therefore, a redemption by a creditor, on the last day allowed for redeeming, to be valid and effectual, must be made at the sheriff's office of the county in which the sale took place. The redemption attempted by Gilchrist was on the last day of the fifteen months, and was made to the sheriff at his dwelling-house, and not at his office. It was consequently ineffectual and void, and did not entitle him to a deed of the prem-

ises in dispute." This case seems entirely decisive of the one under examination, and the conclusion of the court on the trial, that the attempted redemption by Morss was of no effect and void, was right.

There is no element of fraud in the case as regards the attempted redemption. The plaintiff's misfortune seems to have resulted from his own neglect to comply with the provisions of law, enacted for the benefit of judgment creditors.

The judgment must be affirmed, with costs.

*Judgment affirmed.*